# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00220-CR

**Kelly Kyle King, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
### NO. 97-366-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

**PER CURIAM**

Appellant Kelly Kyle King pleaded guilty to aggravated sexual assault. *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2001). The district court found that the evidence substantiated appellant's guilt, but deferred adjudication and placed appellant on community supervision for four years as called for in a plea bargain agreement. The State later moved to adjudicate and the motion was granted following a hearing. Appellant was adjudged guilty and sentenced to imprisonment for twenty years. After the district court denied permission to appeal, appellant filed a general notice of appeal.

When a defendant pleads guilty to a felony and the punishment assessed does not exceed that recommended by the prosecutor and agreed to by the defendant, the notice of appeal must state that the appeal is for a jurisdictional defect, or that the substance of the appeal was raised by written motion and ruled on before trial, or that the trial court granted permission to appeal. Tex.

R. App. P. 25.2(b)(3). This rule applies to an appeal following revocation of deferred adjudication community supervision if the defendant was originally placed on deferred adjudication pursuant to a plea bargain. *Watson v. State*, 924 711, 714-15 (Tex. Crim. App. 1996). Appellant's notice of appeal does not comply with rule 25.2(b)(3) and fails to confer jurisdiction on this Court. *Whitt v. State*, No. 03-00-00194-CR (Tex. App.—Austin April 19, 2001, no pet. h.); *see also Cooper v. State*, No. 1100-99, slip op. at 6-8 (Tex. Crim. App. April 4, 2001).

The appeal is dismissed for want of jurisdiction.

Before Justices Kidd, B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed: May 10, 2001

Do Not Publish